# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-cv-449-MJR |
| | ) | |
| SALMAN RUSHDIE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is an inmate in the Williamsburg Federal Correctional Institution in Salters, South Carolina.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

The one-page complaint states that Defendants have threatened and harassed him in attempts

---

[1] Plaintiff did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* in this action. Such a motion would have been futile, and there is no point in directing him to do so. Attempting to collect the $350 filing fee would also be futile, given Plaintiff's voluminous litigation and obvious inability to follow federal rules or court orders.

to interview him; he fears defamation and slander of his character if he agrees to their requests. He also states that he faces "imminent danger" because Defendant Salman Rushdie "says he is traveling from Illinois to Florence, South Caroline, to kill me quick."

In *Neitzke v. Williams,* 490 U.S. 319 (1989*)*, the Court noted that when a district court considers an *in forma pauperis* motion, it has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28. *See also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.") Plaintiff's allegations that Defendants wish to defame him or kill him draw just such a "fantastic or delusional scenario." The Court will not indulge him.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice.[2]

**IT IS SO ORDERED.**

**DATED this 6th day of October, 2008.**

                                                        s/ Michael J. Reagan
                                                       **MICHAEL J. REAGAN**
                                                       **United States District Judge**

---

[2] Plaintiff is advised that the dismissal of this action will count as yet another strike under the provisions of 28 U.S.C. § 1915(g). Not that it matters; a search in PACER indicates that Plaintiff has filed over 2200 actions in federal courts around the country. Examining the records of each action would be a monumental waste of judicial resources, so the Court cites just three to make the record. *See, e.g., Riches v. Tony Romo and Jessica Simpson*, Case No. 08-cv-014-WWC-PT (M.D. Pa., filed Jan. 2, 2008); *Riches v. Barry Bonds, Bud Selig, and Hank Aaron's Bat*, Case No. 07-cv-375-RLM-CAN (N.D. Ind., filed Aug. 14, 2007); *Riches v. Alicia Keys and Rihanna*, Case No. 08-cv-080-MJJ (N.D. Cal., filed Jan. 7, 2008).